UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>   v.<br><br>MELVIN L. KNUTSON,<br><br>                Defendant. | CASE NO. 2:25-cr-00030-LK<br><br>FINAL ORDER OF FORFEITURE |

This matter comes before the Court on the Government's Motion for a Final Order of Forfeiture, Dkt. No. 43, seeking to forfeit to the United States the following property (the "Subject Property"):

    1.  a Samsung cell phone;

    2.  a 128 GB external drive; and

    3.  a Motorola cell phone.

The Court, having reviewed the Government's motion, as well as the other papers and pleadings filed in this matter, hereby FINDS that entry of a Final Order of Forfeiture is appropriate for the following reasons:

FINAL ORDER OF FORFEITURE - 1

1. In the Plea Agreement Defendant Melvin L. Knutson entered on April 22, 2025, he agreed to forfeit his interest in the Subject Property, pursuant to 18 U.S.C. § 2253(a), as property he used to commit or to facilitate his commission of Possession of Child Pornography, and/or as proceeds of the offense to which he pleaded guilty, Dkt. No. 24 at 10;

2. On July 9, 2025, the Court entered a Preliminary Order of Forfeiture finding the Subject Property forfeitable pursuant to 18 U.S.C. § 2253(a) and forfeiting Mr. Knutson's interest in it, Dkt. No. 33;

3. Thereafter, the Government published notice of the pending forfeitures as required by 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure 32.2(b)(6)(C). Dkt. No. 42. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(6)(A) and Supplemental Rule G(4)(b)(iii)-(v) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government also provided direct notice, by means reasonably calculated to reach them, to identified potential claimants to the Subject Property, *see generally* Dkt. No. 51;

4. Notices sent to all identified potential claimants were successfully delivered on or about August 4, 2025 and August 11, 2025, *see id.*; and

5. The time period for filing third-party claims to the Subject Property has expired, and none were filed.

Now, therefore, the Court ORDERS as follows:

1. No right, title, or interest in the Subject Property exists in any party other than the United States;

2. The Subject Property is fully and finally condemned and forfeited, in its entirety, to the United States;

FINAL ORDER OF FORFEITURE - 2

3. The United States Department of Homeland Security Investigations, Immigration and Customs Enforcement (ICE) and/or its authorized agents or representatives, are authorized to dispose of the Subject Property in accordance with the law; and

4. The Court will retain jurisdiction for the purpose of enforcing the Final Order of Forfeiture as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

IT IS SO ORDERED.

Dated this 6th day of October, 2025.

*Lauren King*
Lauren King
United States District Judge

FINAL ORDER OF FORFEITURE - 3